UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRIAN LEE DEDEAUX**                                                              **CIVIL ACTION**

**VERSUS**                                                                                     **NUMBER: 22-3834**

**RHONDA LEDET, ET AL.**                                                       **SECTION: "E" (5)**

**ORDER AND REASONS**

Before the Court is the Motion for Summary Judgement Based on Behalf of Warden Rhonda Ledet of the Terrebonne Parish Criminal Justice Complex and Lt. Shane Schwausch. (Rec. doc. 15). Plaintiff Brian Lee Dedeaux has filed no opposition to the motion. Having reviewed Defendants' motion, the Court rules as follows.[1]

**I.     Factual Background**

This lawsuit arises out of a claim filed on October 11, 2022 by Dedeaux, who was – at the time that he filed his complaint – an inmate in the Terrebonne Parish Criminal Justice Complex ("TPCJC"). Dedeaux claims that, during his incarceration at the TPCJC, he attempted on numerous occasions to receive a proper diet because he has few teeth and can only eat soft foods. (Rec. docs. 1 at 4-5, 22 at 2). The medical staff at TPCJC had filled out a "Special Diet Order Form," in which they recommended a soft diet due to Dedeaux's lack of teeth. (Rec. doc. 15-6). Dedeaux further complains in both his original complaint and amended complaint filed on May 5, 2023, that his grievances that addressed this problem were not properly answered and that some days he did not even receive proper food compliant with his special diet. (Rec. doc. 22 at 1, 4).

---

[1] The parties consented to proceed before the undersigned on May 26, 2023. (Rec. doc. 23).

1

Dedeaux maintains that his grievances were often considered – and even marked – duplicates and were not answered to his satisfaction. (Rec. docs. 1 at 4-5, 22 at 4). He further alleges that Defendants "were made aware of the deprivations and refused to take appropriate actions." (Rec. doc. 22 at 1).

On October 11, 2022, Dedeaux filed this complaint pursuant to 42 U.S.C. § 1983, alleging that Warden Rhonda Ledet and Lt. Shane Schwausch, TPCJC's main grievance officer, failed to provide him with a proper diet and failed to properly and timely respond to his grievance forms.

## II.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Id.* A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id.* at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id.* at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id.* Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Equal Emp't Opportunity Comm'n v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Further, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine dispute, the nonmovant must articulate specific facts and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co. of Ill.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A) & (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586.

When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary judgment burden.  *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(B).  Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

### III. Analysis

Section 1983 creates a damage remedy for a violation of a person's federal constitutional or statutory rights by a person acting under the color of state law. *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).  Its purpose is to "deter state actors from using their badge of authority to deprive individuals federally guaranteed rights and provide relief from victims if the deterrence fails." *Wyatt v. Cole*, 504 U.S. 158, 161 (1992).  "*An underlying constitutional or statutory violation is a predicate to liability*" under Section 1983 because the statute merely provides a remedy for such a violation. *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir, 1997) (emphasis added) (citation omitted).  Thus, a plaintiff must identify both the constitutional violation and the violator acting under color of state law. *Flagg Bros., Inc, v. Brooks*, 436 U.S. 149, 156 (1978).  A person is "acting under color of state law" if they have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is 'clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *Thibodeaux v. Bordelon*, 740 F.2cd 329, 333 (5th Cir. 1984).

4

In this case, Dedeaux invokes Section 1983 to seek remedies for various constitutional violations at the hands of Defendants Ledet and Schwausch. Specifically, Dedeaux alleges that Defendants failed to respond to his grievances that informed them that he did not receive his special diet and that he sometimes even missed his meal. Dedeaux alleges that Schwausch and other officers either ignored his grievances or did not respond to them in a timely manner. He maintains that the grievance officers – mainly Schwausch – consistently denied or rejected his numerous complaints as being duplicate grievance matters. Having reviewed the grievance forms themselves, this Court finds that these claims lack the evidentiary merit necessary to reach a trial.

The Fifth Circuit has held that an inmate has no Constitutional right to an adequate grievance procedure. *Minix v. Stoker*, 289 F. App'x 15, 17 (5th Cir. 2008) (citing *Orellana v. Kyle*, 65 F.3d 29 (5th Cir. 1995)). "[A] prisoner has a liberty interest only in 'freedom[s] from restraint . . . impos[ing] *atypical* and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005) (emphasis in original) (quoting *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)). The Constitution also does not create a federally-protected liberty interest for prisoners to have their grievances investigated or resolved to their satisfaction. *Id.* Any alleged due process violation arising from "an alleged failure to investigate grievances is indisputably meritless." *Id.* In light of Fifth Circuit precedent, this Court finds that Dedeaux's allegations regarding Defendants' alleged violation of his Constitutional rights are frivolous because he has no Constitutional right to a grievance procedure.[2]

---

[2] Defendants also argue that a grievance to the TPCJC is not the proper procedural vehicle through which to complain about the failure to receive a special diet given that only the medical staff – independently hired by

Even if Dedeaux possessed such a right, Defendants have produced sworn affidavits and additional grievance forms that prove that they filed, read, and resolved Dedeaux's grievances in a proper and timely manner. (Rec. docs. 15-3, 15-4, 15-5, 15-6). Both Defendants Ledet and Schwausch issued affidavits that indicate Dedeaux's special diet was approved by the prison's medical staff, and that the corrections officials did everything that they could to ensure Plaintiff received his soft food diet. (Rec. docs. 15-3, 15-4). Defendant Ledet states that on occasion, it is possible that a meal for an inmate could be missed. (Rec. doc. 15-4). She further explains that this is not a regular occurrence but when serving on average one thousand six hundred and fifty meals a day, a mistake may occasionally occur. (Rec. doc. 15-4).

Defendant Ledet also acknowledges in her affidavit that the prison's medical staff approved Plaintiff for a soft food diet, and that this medical staff made all of the potential decisions regarding an inmate's diet. (Rec. docs. 15-4, 15-6). The medical staff forwarded this confirmation to the kitchen staff, who are responsible for preparing the inmate's food. (Rec. doc. 15-6). Food Services Manager Keisha Neville of Correctional Food Services also attests that after she received the order for Dedeaux's special diet, she forwarded that request to Correctional Food Services, ensuring that Dedeaux received his special diet for the remainder of his time at the prison until transfer. (Rec. doc. 15-7).

Defendants also aver that Schwausch properly answered all of Plaintiff's grievance requests in a timely manner. Dedeaux himself attached his grievance forms to his original

---

the Terrebonne Parish Consolidated Government and not the TPCJC – are responsible for resolving whether an inmate needs a special diet. This argument is superfluous, however, given that an inmate such as Dedeaux does not even have a Constitutional right to a grievance process.

complaint, all of which demonstrate that Ledet and Schwausch timely responded to Dedeaux's complaints. (Rec. doc. 1-1).[3] Having failed to oppose Defendants' motion, Dedeaux did not rebut Defendants' competent summary judgment evidence. Because Defendants carried their burden to demonstrate that no genuine issue of material fact exists, the burden shifted to Dedeaux to demonstrate that one does. He has not done so, and his claims therefore fail.[4]

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Summary Judgement Based on Behalf of Warden Rhonda Ledet of the Terrebonne Parish Criminal Justice Complex and Lt. Shane Schwausch (rec. doc. 15) is **GRANTED**, and Plaintiff Brian Lee Dedeaux's claims against Defendants Rhonda Ledet and Lt. Schwausch are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 20th day of June, 2023.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Only some of the grievance forms relate specifically to Dedeaux's complaints related to his special diet. (Rec. doc. 1-1 at 7-13, 15, 17-18, 20-26, 29). Needless to say, Dedeaux is a frequent filer of grievance forms, which were filed on an almost daily basis.

[4] Given that this Court finds this issue dispositive, there is no need to consider Defendants' alternative argument based on qualified immunity.